Cynthia J. Woolley (ID State Bar No. 6018)
cynthia@ketchumidaholaw.com
180 First Street West, Suite 107
P.O. Box 6999
Ketchum, ID 83340
Telephone: 208-725-5356
Facsimile: 208-725-5569

Bryan J. Schwartz (CA State Bar No. 209903)
schwartz@nka.com
(*pro hac vice* application forthcoming)
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center
Ste. 720
San Francisco, CA 94111
Telephone: 415-277-7235
Facsimile: 415-277-7238

Additional Counsel Listed on the Following Page
Attorneys for Plaintiffs and the Putative Class

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

|  |  |
|---|---|
| Anthony McReynolds, on behalf of himself and a class of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Wells Fargo Financial, Inc. and Wells Fargo Financial Idaho, Inc., Wells Fargo Financial Oregon, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and DOES 1-50,<br><br>Defendants. | **COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**Violation of Fair Labor Standards Act, 29 U.S.C. Section 201 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

1

2   Donald H. Nichols (MN State Bar No. 78918)
    nichols@nka.com
3   (**pro hac vice** application forthcoming)
    Paul J. Lukas (MN State Bar No. 22084X)
4   lukas@nka.com
    (**pro hac vice** application forthcoming)
5   NICHOLS KASTER & ANDERSON, PLLP
    4600 IDS Center
6   80 S. 8th Street
7   Minneapolis, MN 55402
    Telephone: 612-256-3200
8   Facsimile: 612-215-6870

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

**PRELIMINARY STATEMENT**

1.    This is a class action brought by Individual and Representative Plaintiff Anthony McReynolds, on his own behalf and on behalf of the proposed class identified below (collectively "Plaintiffs"). Plaintiff and the putative class members were or are employed by Defendants Wells Fargo Financial, Inc. Wells Fargo Financial Idaho, Inc., and Wells Fargo Financial Oregon, Inc., d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and certain Doe Defendants, or their predecessors-in-interest, as "credit managers," "senior credit managers," "assistant managers," and/or "loan processors." Plaintiff and the putative class members are or were covered, non-exempt employees under Fair Labor Standards Act ("FLSA") and entitled to overtime pay consistent with the requirements of this law. As current/former credit managers, senior credit managers, assistant managers, and loan processors under a particular management chain, these employees are/were similarly-situated under the FLSA, 29 U.S.C. § 216(b).

2.    The Collective Class (which may require subclasses) is made of all persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of Idaho or State of Oregon  under the same first-, second-, and third-level managers, as the named Plaintiff at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").[1]

3.    During the Collective Class Period, Defendants failed to pay appropriate overtime compensation to each member of the Collective Class as required by federal law. Plaintiffs seek relief for the Collective Class under the Fair Labor Standards Act, to remedy Defendants' failure to pay all wages due, pay appropriate overtime compensation, and follow the FLSA's recordkeeping requirements, in addition to injunctive relief.

**THE PARTIES**

4.    Individual and representative Plaintiff Anthony McReynolds resides in Nampa, Idaho (Canyon County). He was employed by Defendant as a Credit Manager from

---

[1] Pursuant to an order of the Court in the related matter of **Castle, et al., v. Wells Fargo Financial, Inc., et al.,** Case No. 3:06-cv-4347 (N.D. Cal. 2008) (Illston, J.) which has preclusive, collateral estoppel effect here, Plaintiff and the putative class members will have the statute of limitations tolled for specified periods of time.

-3-

approximately March 2004 to approximately September 2004 in Boise, Idaho (Ada County), and from approximately September 2004 to approximately April 2005 in Ontario, Oregon (Malheur County). Plaintiff McReynolds is a member of the Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

5.    Upon information and belief, Defendant Wells Fargo Financial, Inc. Wells Fargo Financial Idaho, Inc., and Wells Fargo Financial Oregon, Inc., d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, are companies doing business in and maintaining branches in the State of Idaho, including a facility in Ada County, Idaho.

6.    Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative class members herein alleged were proximately caused by such Defendants.

7.    Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representative partner, integrated enterprise with, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Defendants had interrelated operations, common management, centralized control of labor relations, and common financial control. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 201 **et seq.**  Plaintiff McReynolds has signed a consent form to join this lawsuit.

9.    Venue is proper in the United States District Court, District Court of Idaho,

-4-

pursuant to 28 U.S.C. § 1391, because Defendants operate a facility in Ada County, Idaho, and because a substantial part of the events giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

10.    Plaintiff brings this action on behalf of himself and other employees similarly-situated as authorized under FLSA, 29 U.S.C. § 216(b).  The employees similarly-situated are:

**Collective Class, Subclass 1:**    All persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of Idaho under the same first-, second-, and third-level managers as the named Plaintiff**,** at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").[2]

**Collective Class, Subclass 2:**    All persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of Oregon under the same first-, second-, and third-level managers as the named Plaintiff**,** at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").[3]

11.    Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

12.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

13.    Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required overtime pay. Defendant have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

14.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

---

[2] **See supra** Footnote 1.
[3] **See supra** Footnote 1.

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

15. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly-situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

16. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

17. Plaintiff consents in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

18. At all relevant times, Defendant has been, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants has employed and continue to employ employees, including Plaintiff and the Collective Class. At all relevant times, upon information and belief, each Defendant has had gross operating revenues in excess of $500,000.00.

19. The FLSA requires each covered employer, such as each Defendant in this matter, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

20. During his employment with Defendants, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed

and refused to pay him the appropriate overtime compensation for all the hours worked in excess of forty.

21.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, and 29 C.F.R. §516, **et seq**.

22.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

23.     Plaintiff, on behalf of himself and the Collective Class, seeks damages in the amount of his respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

24.     Plaintiff, on behalf of himself and the Collective Class, seeks recovery of his attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

25.     WHEREFORE, Plaintiff, on behalf of himself and all members of the Collective Class, prays for relief as follows:

       A.     That Defendants are found to have violated the overtime provisions of the Federal Fair Labor Standards Act as to Plaintiff and the Collective Class;

       B.     That Defendants are found to have violated the FLSA by failing to follow the FLSA's recordkeeping requirements;

       C.     That Defendants' violations as described above are found to be willful;

       D.     An award to Plaintiff and the Collective Class for the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial; and

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

E.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

26.      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury.

Dated: April 23, 2008                    _____s/Cynthia Woolley_____
                                          Cynthia J. Woolley (ID State Bar No. 6018)
                                          cynthia@ketchumidaholaw.com
                                          180 First Street West, Suite 107
                                          P.O. Box 6999
                                          Ketchum, ID 83340
                                          T: 208-725-5356
                                          F: 208-725-5569

                                          Bryan J. Schwartz, CA State Bar No. 209903
                                          (*pro hac vice* application forthcoming)
                                          NICHOLS KASTER & ANDERSON, LLP
                                          One Embarcadero Center
                                          Ste. 720
                                          San Francisco, CA 94111
                                          T: 415-277-7235
                                          F: 415-277-7238

                                          Donald H. Nichols (MN State Bar No. 78918)
                                          (*pro hac vice* application forthcoming)
                                          Paul J. Lukas (MN State Bar No. 22084X)
                                          (*pro hac vice* application forthcoming)
                                          NICHOLS KASTER & ANDERSON, PLLP
                                          4600 IDS Center
                                          80 S. 8th Street
                                          Minneapolis, MN  55402
                                          T: 612-256-3200
                                          F: 312-215-6870

                                          Attorneys for Plaintiff and the Putative Class

-8-

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

September 6, 2007

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert

claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

and any applicable state laws. During my employment there were occasions when I worked over 40

hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid

for all hours worked.

Anthony McReynolds



REDACTED

*If any of the above information has changed, please update.*

Signature

9/10/07

Date

SEP 1 8 2007

REDACTED

Branch office location (city)

**Mail or Fax to:** **Fax: (612) 215-6870**
**Nichols Kaster Anderson, PLLP (Attn: Rachhana Srey)**
**80 South 8th Street, Suite 4600, Minneapolis, MN 55402**
**Toll Free Telephone: (877) 448-0492**